IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


JEREMY ELLIS,

    Petitioner,

vs.

                                Case No. 4:07cv361-SPM/WCS

WALTER A. McNEIL,

    Respondent.

_____/

## REPORT AND RECOMMENDATION

This cause is before the court on a pro se petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2254. Doc. 1. Respondent filed a motion to dismiss and answer to the petition. Doc. 17. Exhibits were filed electronically and paper copies were submitted to the court. Doc. 20.[1] References to exhibits are to those supplied by Respondent.

Petitioner challenges his convictions and sentences following a plea of nolo contendere in the Second Judicial Circuit, in and for Leon County, Florida, case

---

[1] Exs. A-C appear in ECF (electronic case filing) as doc. 20; Exs. D-I appear as doc. 20-2. The court references the exhibits by letter.

numbers 2005CF964, 2005CF991, and 2005CF1073.  Ex. D (judgments signed in the three cases on September 19, 2005).  Petitioner faced multiple counts of bank fraud, depositing items with intent to defraud, forgery, uttering, and grand theft; a total of 25 counts in 2005CF964, 15 counts in 2005 CF991, and 24 counts in 2005CF1073.  Ex. C, plea transcript, pp. 8-10.  Petitioner was sentenced to a total term of ten years imprisonment.  Ex. D.

Shortly after sentencing, Petitioner filed a motion for post conviction relief and a motion to withdraw his plea.  Exs. E and F (motions dated October 5 and December 8, 2005, respectively).  A hearing was held on December 12, 2005.  Ex. H (transcript).  The court found no basis for withdrawal of the plea, and that to the extent Petitioner raised claims cognizable under Fla.R.Crim.P. 3.850, he had not complied with the rule.  Ex. I.  Denial of relief was affirmed.  Doc. 17, p. 6.

Respondent asserts that Petitioner was granted a belated direct appeal from the judgment, but the appeal was dismissed because Petitioner failed to pursue it.  Doc. 17, pp. 6-7, 18-20.  Respondent noted the possibility that a motion to reopen the appeal would likely be granted.  *Id.*, p. 19.  It was argued that if a motion to reopen were sought and granted, then the § 2254 petition should be dismissed as a mixed petition containing exhausted and unexhausted claims, but if not sought or granted then the petition presents procedurally defaulted claims.  *Id.*, p. 20.

Petitioner was granted a belated appeal on March 6, 2008.  Ellis v. State, 975 So.2d 1192 (Fla. 1st DCA 2008).  The court noted that "[t]he judgments and sentences and denial of the first motion to withdraw plea have not been reviewed and Ellis has not had representation of counsel for preparation of a brief on direct appeal," and so

granted a "belated appeal from the above-described judgments and sentences." 975 So.2d at 1193.  The mandate was to be filed by the circuit court clerk as a notice of appeal, and the circuit court was directed to appoint counsel if appropriate.  *Id.*  Respondent indicates the notice of appeal was filed as case 1D08-1485 in the First District Court of Appeal.  Doc. 17, p. 7.

Neither Respondent nor Petitioner has advised the court of additional activity on the belated appeal.  But according to the online docket in 1D08-1485, a motion for reinstatement was filed on June 11, 2008,[2] and granted on July 2, 2008.  Pro se motions to dismiss counsel were denied.  The most recent entry on the docket was an initial brief filed on October 24, 2008, by Assistant Public Defender Joel Arnold.

Habeas corpus relief may be granted only if Petitioner has properly exhausted his federal claims in state court.  § 2254(b)(1) and (c).  To do so the federal claim must be fairly presented to the state court, to give the State the opportunity to pass upon and correct alleged violations of federal rights.  *See* Baldwin v. Reese, 541 U.S. 27, 29, 124 S.Ct. 1347, 1349, 158 L.Ed.2d 64 (2004) (citations omitted); Duncan v. Henry, 513 U.S. 364, 365-366, 115 S.Ct. 887, 888, 130 L.Ed.2d 865 (1995).[3]  A petitioner "must give the

---

[2] The motion for reinstatement may have been prompted by the argument raised in the to dismiss, mailed to Petitioner on June 5, 2008.  Doc. 17, p. 21.  The motion for reinstatement was not mentioned, however, in Petitioner's reply affidavit dated June 24, 2008.  Doc. 23.

[3] While it is not necessary that the petitioner cite "book and verse" of the Constitution, the state court must be alerted to the fact that a federal constitutional claim is raised.  Duncan, 513 U.S. at 365-366, 115 S.Ct. at 888 (citations omitted); *see also* McNair v. Campbell, 416 F.3d 1291, 1303 (11th Cir. 2005) (holding that a petitioner must "do more than scatter some makeshift needles in the haystack of the state court record") (citations omitted).

state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845, 119 S.Ct. 1728, 1732, 144 L.Ed.2d 1 (1999).

The judgments challenged here are not yet final as the direct appeal remains pending. If the judgments are affirmed then Petitioner will have the opportunity to file any claims cognizable in a Fla.R.Crim.P. 3.850 motion and then (if the motion is denied) take an appeal from denial of that motion.[4]

The § 2254 petition should be dismissed without prejudice for failure to exhaust available state court remedies, Petitioner may seek § 2254 relief. As to any future § 2254 petition (following one complete round of exhaustion as to all claims raised), Petitioner is advised that there is a one year time limit for filing a § 2254 petition, which runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review," absent circumstances triggering a later commencement date. § 2244(d)(1)(A)-(D).[5] The period is tolled for

---

[4] Petitioner is advised that the "one complete round" exhaustion requirement of O'Sullivan v. Boerckel applies to post-conviction review; if he is denied post conviction relief he must appeal that ruling in order to properly exhaust state remedies. Leonard v. Wainwright, 601 F.2d 807, 808 (5th Cir. 1979) (Florida prisoner must appeal denial of Fla.R.Crim.P. 3.850 relief to exhaust remedies); LeCroy v. Secretary, Florida Dept. of Corrections, 421 F.3d 1237, 1261 (11th Cir. 2005) (as Florida prisoner failed to properly exhaust claim on direct appeal or Rule 3.850 appeal, it was procedurally barred, citing Coleman); Pope v. Rich, 358 F.3d 852, 854 (11th Cir. 2004) ("Boerckel applies to the state collateral review process as well as the direct appeal process")

[5] The limitations period runs from the latest of specified dates, which also include (in addition to that quoted above): the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the right asserted was initially recognized by the Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered by due diligence. § 2244(d)(1)(A)-(D).

"[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." § 2244(d)(2).

Petitioner's one year has not yet commenced. Since a belated appeal was granted and is currently pending, the judgment has not yet become final on direct review or the expiration of time for seeking such review.

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (doc. 17) be **GRANTED**, and the § 2254 petition for writ of habeas corpus filed by Jeremy Ellis, challenging judgments out of the Second Judicial Circuit, Leon County, case numbers 2005CF964, 2005CF991, and 2005CF1073. 2003CF13A1, be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies. It is further **RECOMMENDED** that the clerk be directed to forward a copy of this recommendation and the order adopting it to Assistant Public Defender Joel Arnold, 301 S. Monroe Street, Suite 401, Tallahassee FL 32301, for his information.

**IN CHAMBERS** at Tallahassee, Florida, on November 6, 2008.

s/ William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 15 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 10 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**

Case No. 4:07cv361-SPM/WCS